IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

NOV 17 2014

BROWN'S DULLES MOTORS, INC.,
D/B/A BROWN'S STERLING NISSAN,

    Plaintiff,

v.

MAIDEN SPECIALTY INSURANCE
COMPANY,

    Defendant.

Civil Action No. 1:14cv1528 TSE/JFA

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1446, Defendant Maiden Specialty Insurance Company ("Maiden" or "Defendant"), by counsel, hereby removes this action from the Circuit Court for Fairfax County, Virginia, to the United States District Court for the Eastern District of Virginia, Alexandria Division. Jurisdiction of this Court is proper because this Court has original jurisdiction over the case by way of diversity jurisdiction under 28 U.S.C. § 1332. In support thereof, Defendant states as follows:

### PARTIES

1. Plaintiff Brown's Dulles Motors, Inc., d/b/a Brown's Sterling Nissan ("Plaintiff") is a Virginia corporation (Comp. ¶ 1).

2. Defendant Maiden Specialty Insurance Company ("Maiden") is a North Carolina Corporation, with a principal place of business in New Jersey. (Comp. ¶ 2). Accordingly, Maiden does not have citizenship in Virginia for purposes of determining diversity jurisdiction.

## JURISDICTION

3.  Removal is proper because this Court has subject matter jurisdiction over this action under diversity jurisdiction pursuant to 28 U.S.C. § 1332.

4.  Defendant was served via Certified Mail through the Secretary of the Commonwealth with the Complaint on or about October 20, 2014.

5.  In the Complaint, Plaintiff seeks "judgment against the defendant in the amount of $120,000, together with interest" (Comp., "WHEREFORE" clause).

6.  Removal is therefore proper because 30 days have not passed since service of the Complaint in accordance with 28 U.S.C. § 1446(b)(3).

## FACTUAL AND PROCEDURAL BACKGROUND

7.  On October 1, 2014 Plaintiff brought a civil action against Defendant in the Circuit Court of Fairfax County, Virginia, styled *Brown's Dulles Motors, Inc., d/b/a Brown's Sterling Nissan v. Maiden Specialty Insurance Company*, Case No. 2014-12834. A copy of the State Court Docket Report and Plaintiff's Complaint are attached respectively as **Exhibit A** and **Exhibit B**.

8.  Plaintiff alleges one claim for breach of contract against Defendant in the Complaint, which is based on the following facts:

9.  On or about October 27, 2013, Plaintiff sold Ryan Walter Kratz ("Buyer") a 2014 Nissan GT-R (the "Vehicle") for $126,155.00. (Comp. ¶ 3). Buyer executed a retail installment sales contract to purchase the vehicle, which was assigned to Nissan Motor Acceptance Corporation ("NMAC"). (*Id.*). Buyer defaulted on the finance agreement and NMAC discovered that Buyer inflated his salary and employment history on his credit application with

Plaintiff. (Comp. ¶ 5). Thus, NMAC demanded that Plaintiff repurchase the finance agreement, which Plaintiff did for $105,598. (Comp. ¶ 6).

10. Plaintiff contends that it suffered loss in the amount of at least $120,000 as a result of Buyer's alleged "fraudulent or forged identification or signature on a credit application or finance agreement." (Comp. ¶ 8).

11. Plaintiff asserts that Defendant issued an insurance policy to Plaintiff covering the damages suffered by Plaintiff as a result of Buyer's alleged conduct. (Comp. ¶ 9). Plaintiff alleges that Defendant breached the insurance contract by denying coverage of the vehicle under the policy. (Comp. ¶ 10).

12. As a result of Defendant's alleged conduct, Plaintiff seeks to recover damages in the amount of $120,000, interest, and costs. (Comp., "WHEREFORE" clause).

### DIVERSITY JURISDICTION EXISTS OVER PLAINTIFF'S CLAIMS

13. This Court has original diversity jurisdiction over Plaintiff's lawsuit pursuant to 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. §§ 1441 and 1446(b)(3).

14. 28 U.S.C. § 1332 states that district courts have original jurisdiction over lawsuits where there is complete diversity between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

15. As to the amount in controversy requirement, it is satisfied in the present case because Plaintiff seeks "a judgment against the Defendant in the amount of $120,000, together with interest thereon from July 16, 2014 until paid and its costs on its behalf expended, and for such other relief as the Court may deem proper" (Comp., "WHEREFORE" clause).

16. Plaintiff's demand for more than $120,000 in damages exceeds the $75,000 jurisdictional minimum.

17. In addition to satisfying the amount in controversy requirement, the parties are also completely diverse. Plaintiff is a Virginia corporation, and Defendant is a North Carolina Corporation with its principal place of business in New Jersey. Therefore, the parties are completely divers for jurisdictional purposes.

18. Assuming for jurisdictional purposes only that Plaintiff's claims are valid, the Complaint could have originally filed in this Court under diversity jurisdiction. Removal of this case is, therefore, proper under 28 U.S.C. § 1441.

## VENUE

19. Venue is proper in the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. §§ 1391 and 1441, because this district and division geographically includes the Circuit Court of Fairfax County, Virginia.

## NOTICE

20. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing of Notice of Removal is being filed contemporaneously filed with the Clerk of the Circuit Court of Fairfax County, Virginia, a copy of which is attached as **Exhibit C**.

21. Defendant reserves the right to amend this Notice of Removal and/or oppose any amendment of Plaintiff's Complaint that would add any non-diverse defendant(s), destroying this Court's diversity jurisdiction.

22. If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and argument in support of their position that this case is removable.

WHEREFORE, Defendant Maiden Specialty Insurance Company, respectfully requests that the above-referenced case now pending in the Circuit Court for the County of Fairfax be

removed to the United States District Court for the Eastern District of Virginia, Alexandria Division.

                                        **MAIDEN SPECIALTY INSURANCE COMPANY**

By: _____
                                                  Of Counsel

John C. Lynch (VA Bar No. 39267)
Elizabeth Flowers (VA Bar No. 78487)
Counsel for Defendant Maiden Specialty Insurance Company
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: elizabeth.flowers@troutmansanders.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

BROWN'S DULLES MOTORS, INC.,
D/B/A BROWN'S STERLING NISSAN,

      Plaintiff,

v.                                   Civil Action No. _____

MAIDEN SPECIALTY INSURANCE
COMPANY,

      Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th th day of November, 2014, I filed the foregoing Notice of Removal with the Clerk of the Court, and I further certify that a true and correct copy of the foregoing document was sent via email and Federal Express Overnight Delivery, to the following counsel of record:

**Counsel for Plaintiff**
Richard V. W. Adams, III (VA Bar No. 18121)
Walton & Adams, P.C.
1925 Isaac Newton Square, Suite 250
Reston, VA 20190
Telephone: (703) 748-9580
Facsimile: (703) 790-8016
radams@walton-adams.com

_____
John C. Lynch (VA Bar No. 39267)
Elizabeth Flowers (VA Bar No. 78487)
Counsel for Defendant Maiden Specialty Insurance Company
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: john.lynch@troutmansanders.com
E-mail: elizabeth.flowers@troutmansanders.com

23858928v1